# 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉

## GEORGE CARTER V. CITY OF NEWPORT NEWS.

January 12, 1933.

Present, All the Justices.

The opinion states the case.

*J. Thomas Newsome,* for the plaintiff in error.

*Herbert G. Smith,* for the defendant in error.

GREGORY, J., delivered the opinion of the court.

Carter was convicted under a warrant charging him with a second offense violation of the prohibition law (Code 1930, section 4675(1) *et seq.*) and his punishment fixed at a fine of $50.00 and confinement in prison on the State road force for twelve months.

Two police officers went to premises No. 467 Twenty-seventh street to conduct a search for ardent spirits. This property was vacant and had been for a long time. Carter resided at Number 465 Twenty-seventh street which was next door. The front door of number 467 was barred and nailed, so that entrance could not be made through it. The back door was open and it was located about four feet from the back door of the house occupied by Carter. The officers found in number 467, two pints of whiskey in the kitchen, and down in a hole under the floor they found six and one-half gallons of whiskey. While they were conducting the search but before the whiskey had been found, Carter and another person came over into the vacant house where the officers were. It was dark and Carter did not know the officers were in the house. His associate had a flashlight and a five gallon empty jug which had the odor of whiskey in it. The officers made their presence known to Carter and the other person who was with him and very soon the whiskey was discovered. The officers asked Carter if he had any statement to make, to which he replied that he did not care to say anything at all at that time. Carter's reputation as a violator of the prohibition law was "bad." This, in substance, was the evidence of the Commonwealth.

■ The only error assigned, which we may consider, is that the evidence was not sufficient to sustain the verdict. A bill of exception referred to certain improper testimony which was introduced but the record shows that counsel for the accused excepted to its introduction and the court excluded it from the consideration of the jury and no further objection or exception, at the time, was made. Only after the verdict and judgment did counsel for the accused raise any further objection and we must conclude that he acquiesced in the ruling of the court, excluding the evidence.

The explanation given by the accused of his presence at the place where the whiskey was found does not seem reasonable and the jury did not have to accept it. This is what he said:

"Q. Were you in there on this particular afternoon or evening?

"A. The first time, on account of hearing a noise over there—

"Q. Talk louder, and tell the jury why you were there?

"A. I was sitting over at my house, and during the night I heard a lot of trespassing over there, and I said to Willie, after it ceased, after the noise ceased, I said to Willie: 'You and I walk over to the house and see what is in there.' So Willie and I goes over and went in there. Willie and I goes over to the building. Willie and I get up and go over there, and when we got in we found an empty jug sitting in the closet, and we saw a hole in there, and we looked in there too, and I said: 'Somebody has been handling whiskey in here—

"Q. Talk louder so the jury can hear you.

"A. I am talking loud. And he said: 'Surely it is.' And he said: 'I guess we better get out of here, I don't know who is going to come in,' and after Willie said that, he said: 'I can take this jug and sell it for fifty cents.' I said: 'All right, you can take the jug, I am going out

of here.' And I didn't see any whiskey in the kitchen at all, because it was under the ice box."

Our conclusion is that the evidence is sufficient to sustain the verdict and we affirm the judgment.

*Affirmed.*